UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:21-cv-06903-JAK-SHK | Date: | February 26, 2024 |
|---|---|---|---|

Title: *Ronald Lee Adams v. California Department Corrections, et al.*

Present: The Honorable  Shashi Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):** ORDER VACATING ORDER TO SHOW CAUSE [ECF NO. 65] AND DIRECTING PLAINTIFF TO ISSUE A THIRD-PARTY SUBPOENA

On August 26, 2021, plaintiff Ronald Lee Adams ("Plaintiff") filed a complaint ("Complaint" or "Compl.") alleging violations of civil rights under 42 U.S.C. § 1983 ("§ 1983"). Electronic Case Filing Number ("ECF No.") 1, Compl. After the Court screened and dismissed with leave to amend two of Plaintiff's amended complaints, on June 30, 2023, Plaintiff filed the operative Third Amended Complaint ("TAC") naming various correctional officers who worked at California Man's Colony East State Prison ("CMC East") as defendants. ECF No. 44, TAC. On September 22, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending dismissal of certain defendants from the case and recommending service of the TAC on the remaining defendants ("Defendants"). ECF No. 49, R&R. On October 19, 2023, the Court accepted the R&R, and on October 23, issued the summons ("Summons") to Defendants. ECF Nos. 52, 54.

On December 13, 2023, Defendants J. Gastelo, B. Thompson, Howard E. Moseley, J. Lewis, E. Scotland, K. Valaau, and S. Quirarte filed a waiver of service ("Waiver of Service"). ECF No. 57, Waiver of Service. The California Department of Corrections and Rehabilitation ("CDCR") informed the Court that Defendants V. Catalina and P. Dessenberger could not be identified and, consequently, have not been served with the TAC or appeared in this matter.

On February 5, 2024, the Court issued an Order to Show Cause Why Defendants V. Catalina and P. Dessenberger Should Not Be Dismissed ("OSC"), in which the Court ordered Plaintiff to:

> issu[e] a third-party subpoena to [California Men's Colony East] [("CMC East")] and/or CDCR under Rule 45 seeking the correct identities of Defendants V. Catalina and P. Dessenb[e]rger . . . **and** filing a response to this OSC indicating the steps Plaintiff has taken to obtain the names of V. Catalina and P. Dessenb[e]rger so they may be served and subject to the Court's jurisdiction.

ECF No. 65, OSC at 2 (emphasis in the original).

On February 16, 2024, the Court received Plaintiff's response to the OSC ("OSC Response"). ECF No. 67, OSC Response. Plaintiff attached to the OSC Response the following five documents, which he argues proves that Defendants Catalina and Dessenberger work at CDCR and are "key to this civil suit":

- Exhibit A is "a Disciplinary Hearing Result Sheet,"[1] in which P. Dessenberger signed as the "Hearing Official";
- Exhibit B is a document titled "Memorandum Dated December 28, 2019" and was "an answer to a Prison Appeal file[d] [by Plaintiff] for due process violation by Defendant P. Dessenberger," in which Defendant Gastelo references "Senior Hearing Officer (SHO) Correctional Lieutenant P. Dessenberger";
- Exhibit C is a "Crime Incident Report Part C Staff Report" which is "signed by someone name[d] V. Catalina";
- Exhibit D is a "Crime Incident Report Part C-2 Review Notice" which "is address[ed] to Defendant V. Catalina"; and
- Exhibit C is a "Crime Incident Report Part C1 Supplement CDCR 837" which contains a V. Catalina's signature as "Reporting Staff."

Id. at 2-4. These documents demonstrate that Plaintiff has made a good faith effort to identify Defendants V. Catalina and P. Dessenberger based on official reports that CDCR provided to Plaintiff. Good cause appearing, the Court hereby **VACATES** the OSC.

However, without more identifying information for Defendants Catalina and Dessenberger, service of process in this matter cannot move forward and the Court is without jurisdiction over these Defendants. "[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]" S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted). "'Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant[.]'" Id. (quoting Federal Rule Civil Procedure ("Fed. R. Civ. P." or "Rule") 4(k)). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time[,]" however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"[I]n circumstances where the defendants' identity are not known prior to filing the action," the Court may afford a plaintiff the "opportunity to identify the defendant through

---

[1] All capitalization has been normalized.

limited discovery, 'unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.'" Mohammad v. California Department of Corrections, Case No. 14-cv-03837-BLF, 2015 WL 720721, at *1 (N.D. Cal. Feb. 18, 2015) (quoting Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)).

Here, such limited discovery may be accomplished pursuant to Rule 45 through a third-party subpoena directed to CMC East and/or CDCR seeking the correct identities of Defendants V. Catalina and P. Dessenberger. See id. (citing Fed. R. Civ. P. 45). In the OSC, the Court instructed Plaintiff to issue a Rule 45 subpoena to CMC East and/or CDCR to request information on these Defendants, but Plaintiff has not done so. See ECF No. 65, OSC at 2. Accordingly, Plaintiff is **ORDERED** to issue a Rule 45 subpoena upon CMC and CDCR requesting identifying information on V. Catalina and P. Dessenberger **no later than March 29, 2024**.

To assist in doing so, the **Clerk of Court is directed to mail two (2) blank Form AO-88B to Plaintiff** along with this Order. The **Clerk of Court is also directed to provide Plaintiff with a blank USM-285 form** so that Plaintiff may request service of the two subpoenas by United States Marshal Service ("USMS"). Plaintiff must address the subpoenas to CMC East and CDCR, complete the AO-88B forms, and submit them to the Court to be signed by the Clerk. Plaintiff is instructed to attach to the subpoenas the exhibits attached to his OSC Response which identify V. Catalina and P. Dessenberger by name. Additionally, Plaintiff must also fill out the USM-285 form and return it to the Court to request service of the subpoenas by USMS. Plaintiff must return both the subpoenas and USM-285 form no later than March 29, 2024.

Plaintiff is warned that failure to timely satisfy this order **will result in a recommendation to the assigned United States District Judge that Defendants V. Catalina and P. Dessenberger be dismissed from this action without prejudice** in accordance with Rule 4(m) due to the Court's lack of personal jurisdiction and for failure to prosecute and follow Court orders.

In sum, the Court hereby (1) **VACATES** the OSC and (2) **ORDERS** Plaintiff to issue a Rule 45 third-party subpoena on CMC East and CDCR and request service by USMS no later than March 29, 2024.

**IT IS SO ORDERED.**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:24-cv-00374-SSS-SP   Document 9   Filed 02/26/24   Page 6 of 11   Page ID #:30

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

|  |  |
|---|---|
| _____ *Plaintiff* <br> v. <br> _____ *Defendant* | ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  _____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:24-cv-00374-SSS-SP   Document 9   Filed 02/26/24   Page 9 of 11   Page ID #:33

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| | |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| | |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 |
|---|---|
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Signature of Attorney other Originator requesting service on behalf of:    ☐ PLAINTIFF    ☐ DEFENDANT    TELEPHONE NUMBER    DATE

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|

| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy |
|---|---|

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

Form USM-285
Rev. 03/21

**INSTRUCTIONS FOR COMPLETING USM-285, PROCESS RECEIPT AND RETURN**

- The Form USM-285 is a five-copy form set designed as a control document for process served by a U.S. Marshal or designee. Process may include, but is not limited to, a summons and complaint, subpoena, writ, or court order. The United States Marshals Service (USMS) is authorized by law (28 U.S.C. § 1921) to charge fees for the service of process. The amount of fees charged is established by regulation (28 C.F.R. § 0.114). Except in cases where the litigant has been granted permission by the court for waiver of prepayment of fees and costs, the USMS must request advance payment of the estimated fees and expenses for service of process.

- Please type or print legibly. Submit one copy of the Form USM-285 and one copy of each process for each individual, company, corporation, government agency, etc., to be served or property to be seized.

- In cases where the court has directed the USMS to effect service of a summons and complaint upon an officer or agent of the United States Government, submit a copy of the summons and complaint and Form USM-285 for each officer or agent upon whom service is desired. Submit two (2) additional copies of the summons and complaint for service upon the Government of the United States. The U.S. Marshal or designee will serve one copy upon the U.S. Attorney and will forward the other copy to the Attorney General of the United States. (When the applicable box is checked, completion of the final signature block by the U.S. Marshal or designee certifies service on the U.S. Attorney and the U.S. Attorney General, regardless of whether other defendants on the summons were served). Failure to provide sufficient copies will delay service of the summons.

- Mark all applicable check boxes and use the "Special Instructions" to advise of any information that will assist the USMS in expediting service. You are responsible for providing accurate and sufficient information that will identify the individual or entity to be served or the property to be seized.

- If more than one item of process and Form USM-285 is submitted on a single case, the U.S. Marshal or designee will receipt for all of them on the first Form USM-285. You will receive for your records the "Acknowledgment of Receipt" copy for all the USM-285 forms you submit. When the process is served, you will receive the "Notice of Service" copy. This copy will be identical to the return to the Clerk of the U.S. District Court.

- Upon completion of all services, you will receive a "Billing Statement" copy of Form USM-285. You should return this "Billing Statement" copy to the USMS, together with your payment, in the form of a certified or bank check payable to the U.S. Marshal, for any amounts still owed. Alternatively, the USMS will accept cash. The USMS will not accept personal checks.